

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,819-02

**EX PARTE ALVIN EUGENE HINES, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 31047-A IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. His appeal was dismissed for want of jurisdiction. *Hines v. State*, No. 12-13-00325-CR (Tex. App.—Tyler Nov. 21, 2013) (not designated for publication).

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. After a remand, the trial court obtained a response from one of Applicant's two trial lawyers, and recommends granting relief, despite finding that Applicant was denied a meaningful appeal due to his own actions. The writ record contains no response from the

lawyer Applicant allegedly said he would be contacting about his appellate rights.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If he is not represented and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall make specific findings addressing whether Applicant contacted his second trial lawyer about the appeal, and how that lawyer advised Applicant as to his appellate rights. The trial court shall also make any other additional findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 28, 2015
Do not publish